509 A.2d 1289

**COMMONWEALTH of Pennsylvania**

v.

**Daniel S. ROSKO, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 5, 1986.

Filed May 8, 1986.

Reargument Denied June 16, 1986.

W. Hamlin Neely, Allentown, for appellant.

John J. Waldron, Assistant District Attorney, Allentown, for Com., appellee.

Before WICKERSHAM, McEWEN and JOHNSON, JJ.

JOHNSON, Judge:

Appellant, Daniel Rosko, was convicted following a jury trial of violating two sections of the Vehicle Code which prohibit drunk driving, 75 Pa.C.S. § 3731(a)(1) and (a)(4). He was sentenced for both violations on June 20, 1985 to 8 to 23 months of incarceration, to pay a $500 fine and costs. The trial court did not indicate which portion of the sentence could be attributed to the violation of Section

3731(a)(1) and which portion could be attributed to the violation of Section 3731(a)(4).

Sections 3731(a)(1) and (a)(4) read as follows:

**(a) Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving; ...

(4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

On appeal to this Court, Appellant contends that the jury's verdict amounted to a conviction for a violation of only Section 3731(a)(1); that the evidence presented was insufficient to support a conviction under Section 3731(a)(1); and that the evidence was insufficient to support a conviction under Section 3731(a)(4).

The facts are succinctly summarized by the trial court in the following manner:

At approximately 3:00 A.M., February 16, 1983, a vehicle operated by the defendant, in which Beverly Sweeney (Miss Sweeney) was a passenger, struck the rear of a tractor trailer while traveling north on Route 100, Upper Macungie Township, Lehigh County, Pennsylvania. Miss Sweeney was killed and the defendant was injured.

The defendant testified at trial that between midnight and 1:30 A.M., he had consumed at least three (3) Scotch and sodas at H.J. Winston's (Winston's). He left Winston's at approximately 2:15 A.M. with Miss Sweeney, an acquaintance, whom he had invited to go for a ride. The defendant testified that although he observed the tractor trailer turning from the southbound lane of Route 100 into a gas station, he thought it would clear his lane of traffic. As a result of the collision which occurred when it did not, the defendant was rendered unconscious and taken by ambulance to the Lehigh Valley Hospital Center (LVHC).

The result of a blood test performed on the defendant at approximately 4:30 A.M. revealed the defendant's blood alcohol was 0.20 per cent. At 7:00 A.M., a second blood test indicated the blood alcohol level to be 0.15 percent.

Opinion, 4/22/85 at 1, 2.

■ The first issue raised by Appellant regarding the jury's verdict has been waived because it was not included in the timely post-trial motions which were filed on November 10, 1983. The first time that Appellant complained about the propriety of the verdict slip was when he filed supplemental post-trial motions approximately one year after the verdict was entered. Appellant did not seek permission of the trial court to raise this additional issue *nunc pro tunc*. One must either file post-verdict motions within ten days under Pa.R.Crim.P. 1123(a) or seek permission to file post-verdict motions *nunc pro tunc* under the Post Conviction Hearing Act as required by Pa.R.Crim.P. 1123(f). As we recently reiterated in *Commonweath v. Jackson*, 336 Pa.Super. 609, 623, 486 A.2d 431, 439 (1984), "[o]ur Court will review only those issues which have been properly preserved for review, i.e., errors which have been raised specifically in written post-trial motions pursuant to Pa.R. Crim.P. 1123(a)."

■ The second issue raised by Appellant challenges the sufficiency of the evidence to support a conviction under 75 Pa.C.S. § 3731(a)(1). We find this issue to have merit and, therefore, reverse the conviction under 75 Pa.C.S. § 3731(a)(1).

In order to convict Appellant of a violation of Section 3731(a)(1), the Commonwealth must prove not only that Appellant had been driving but that he was "under the influence of alcohol *to a degree which renders the person incapable of safe driving.*" Appellant's testimony that he had consumed at least three Scotch and sodas, without more, is not sufficient to demonstrate that he had been rendered incapable of safe driving. In the instant case there is no testimony regarding Appellant's operation of the

vehicle or physical condition which would demonstrate that he was incapable of safe driving. Without such supporting testimony, Appellant's conviction for violating Section 3731(a)(1) cannot stand.

The only testimony of record concerning the operation of Appellant's vehicle immediately before the accident was that of the Appellant. He testified that he thought the tractor trailer, which was turning across the northbound lane of traffic, would be clear of his path if he merely decelerated rather than applying the brakes immediately. (R. 179a–80a). The tractor trailer did not clear the roadway in time since its wheels were spinning in the snow alongside the highway. Appellant recounts that he then applied his brakes, but collided with the rear of the trailer since another oncoming tractor trailer prevented him from entering the southbound lane. (R. at 180a). While in hindsight this evidence shows bad judgment on Appellant's part, it does not demonstrate that he was under the influence of alcohol to a degree which rendered him incapable of safe driving.

■ The final issue raised by Appellant challenges the sufficiency of the evidence to sustain a conviction for a violation of Section 3731(a)(4). Appellant argues that the test results measuring the blood alcohol content by *volume* cannot support a conviction where the statute prohibits driving while "the amount of alcohol by *weight* in the blood of the person is 0.10% or greater." 75 Pa.C.S. § 3731(a)(4) (emphasis added).

This precise issue was recently addressed by our Court in *Commonwealth v. Karch*, 349 Pa.Super. 227, 502 A.2d 1359 (1986) where we held that the results of blood-alcohol tests, which establish alcohol content in the blood by volume rather than by weight, are admissible to support a conviction for driving under the influence. *See* 75 Pa.C.S. § 1547(d).

Under Section 3731(a)(4) there is no requirement to show that Appellant's ability to drive safely was impaired as there is under Section 3731(a)(1). The test results alone in

the instant case support a conviction under Section 3731(a)(4).

Because the trial court did not differentiate between Section 3731(a)(1) and Section 3731(a)(4) when Appellant was sentenced, we are constrained to vacate the June 20, 1985 judgment of sentence. The conviction for violation of 75 Pa.C.S. § 3731(a)(1) is reversed while the conviction for violation of 75 Pa.C.S. § 3731(a)(4) is affirmed. Remanded to the trial court for resentencing. Jurisdiction is not retained.