528 A.2d 1346

**COMMONWEALTH of Pennsylvania**

v.

**Morgan A. KELLY, Appellant.**

Superior Court of Pennsylvania.

Argued April 29, 1987.

Filed July 7, 1987.

Petition for Allowance of Appeal Denied Nov. 25, 1987.

30

Thomas W. Corbett, Jr., Pittsburgh, for appellant.

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before CIRILLO, President Judge, and MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence entered after a jury convicted appellant of driving under the influence of alcohol,[1] homicide by vehicle,[2] homicide by vehicle while driving under the influence[3] and involuntary manslaughter.[4] Appellant was subsequently sentenced to a mandatory three (3) to six (6) year term of imprisonment on the homicide by vehicle while driving under the influence charge.

■ The testimony presented at trial established that appellant, on March 25, 1984, while driving under the influence of alcohol, lost control of his vehicle, crossed the center line of the road and struck the victim's car head-on, killing her and injuring her husband. Immediately following the accident, appellant was transported to Mercy Hospital where a blood alcohol test was performed. The test revealed a blood alcohol content of .24 per cent. On March 26, 1984, pursuant to a search warrant, the police conducted a search of the records of Mercy Hospital and, as a result of the search, the police obtained a report of an analysis performed upon a sample of appellant's blood. This evidence was introduced at trial by the Commonwealth.

Appellant now argues the court erred in failing to suppress the medical records as there was a lack of probable cause for issuance of the search warrant and the warrant failed to describe the place to be searched with adequate particularity.

1. 75 Pa.C.S. § 3731(a)(1) and (a)(4)
2. 75 Pa.C.S. § 3732
3. 75 Pa.C.S. § 3735
4. 18 Pa.C.S. § 2504

The "implied consent" law, 75 Pa.C.S.A. § 1547, provides, in pertinent part:

**(a) General Rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol of a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

In the instant action, the validity of the search warrant is irrelevant as the police officers were entitled to the results of the blood tests pursuant to the "implied consent" law. In fact, the police officers in this case had authority to administer tests to appellant under both (a)(1) and (a)(2) of 75 Pa.C.S.A. § 1547. The officers certainly had "reasonable grounds" to believe appellant may have been operating his vehicle while under the influence of alcohol. Officer Zader testified that when he arrived on the scene of the accident he was told by an eyewitness that appellant's car had crossed the center line of the road before the collision (S.H., 2/19/85, p. 7). Officer Zader further testified appellant was "combative" and "mouthy" at the scene of the accident, and during the officer's attempt to help the paramedics, he got in appellant's car, sat beside him and detected a very strong odor of alcohol (S.H. 1/19/85, p. 24). Also, Officer Zader was informed, at the scene of the accident, that the passenger in the other car had died (S.H., 2/19/85, p. 8). Thus on this basis alone, the police had the

authority to conduct testing to determine the presence of alcohol in appellant's body.

We are in agreement with the Commonwealth's argument that:

Under these circumstances the distinction implicitly drawn between the constitutional validity of the "taking" of appellant's blood at police request and the action of the police later obtaining the results of the blood alcohol test, is a false one. If the initial "taking" was lawful, police were entitled to the disclosure of the blood alcohol test results without a further showing or additional legal process.

(Appellee's brief at 26).

■ Appellant next asserts the introduction of the results of the blood alcohol analysis was in error as the tests were conducted by a laboratory not certified as required by 75 Pa.C.S.A. § 1547(c). This section requires that the chemical testing be performed by a clinical laboratory licensed and approved by the Department of Health. The testing of appellant's blood was performed on March 25, 1984 at Mercy Hospital of Pittsburgh, however, the Mercy Hospital was not certified until November 30, 1984. Appellant's trial was held on March 18, 1985. We find the delay in certification was not violative of appellant's rights.

So long as approval of the type of equipment by the Department of Health occurs before trial, although this may be after the time of testing, the evidence will be admissible under the implied consent law because the quality of the results is not vitiated by subsequent approval of the type of equipment.

*Commonwealth v. Benson,* 280 Pa.Super. 20, 31, 421 A.2d 383, 389 (1980).

■ Appellant next argues the court erred in refusing to grant his motion to quash counts I and II of the criminal information, charging him respectively with violations of 75 Pa.C.S.A. § 3735 and § 3732. Appellant contends that a *prior* conviction for driving under the influence of alcohol is an element of the offense of homicide by vehicle while

driving under the influence, and thus the information is defective because it does not allege appellant had been previously convicted of driving under the influence. We do not agree with appellant's contention. **Homicide by Vehicle While Driving Under the Influence**, 75 Pa.C.S.A. § 3735, provides, in pertinent part:

(a) **Offense defined.**—Any person who unintentionally causes the death of another person as the direct result of a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) and *who is convicted* of violating section 3731 is guilty of a felony of the third degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years. (emphasis added)

We are in full agreement with the conclusion reached by the court below that it is erroneous to interpret the statute to mean "has been convicted".

If the legislature had intended a prior conviction of § 3731 to be an element of that offense, the statute would be couched in those terms (cf: § 6105 of Pennsylvania Crimes Code "No person who *has been convicted* of a crime of violence shall own a firearm ...").

Section 3735 does not require an antecedent conviction of Driving While Under The Influence, Section 3731. Both counts may be tried concurrently. All that is necessary is that the Court properly instruct the jury on this matter. In this instance, the jury was instructed that they must first find the Defendant guilty of Driving Under the Influence before addressing the issue of Homicide by Vehicle While Driving Under the Influence. (T.T. 496).

(Slip Op., Scarlata, J., 11/26/86, p. 6).

■ Appellant also alleges the court erred in the admission of testimony from the deceased victim's husband concerning their activities during the day of the accident and also testimony of a paramedic who responded to the scene of the accident. Appellant filed timely post-verdict motions

on March 29, 1985, however, the aforementioned issue was not presented therein. Appellant later submitted supplemental post-verdict motions, specifically raising the two issues presently before us. It appears from the record, however, the court below never expressly granted appellant the right to do so. Additionally, these motions carry no stamp of the Clerk of Courts office indicating they were properly filed.

We now find these issues have been improperly preserved for appellate review as they were neither included in the timely post-trial motions nor raised pursuant to court approval *nunc pro tunc*. As we stated in *Commonwealth v. Jackson*, 336 Pa.Super. 609, 623, 486 A.2d 431, 439 (1984), "Our Court will review only those issues which have been properly preserved for review, i.e., errors which have been raised specifically in written post-trial motions pursuant to Pa.R.Crim.P. 1123(a)." In *Commonwealth v. Talley* 456 Pa. 574, 318 A.2d 922 (1974), the Supreme Court, in deciding the trial court did not abuse its discretion in refusing to permit the defendant to file additional reasons for a new trial, stated:

> The rule provides that a defendant may request *leave* to file additional reasons for a new trial. This does not imply that a defendant can file these as a matter of right, but it is a matter of discretion with the trial court. In the facts of this case, we fail to see an abuse of that discretion.

*Id.*, 456 Pa. at 579, 318 A.2d at 924. Rule of Criminal Procedure 1123(a), which is derivative of the rule cited in *Talley* (19 P.S. 1123),[5] states:

---

5. Former Rule 1123 of Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix, provides, in part, as follows:

(a) A motion for a new trial shall be filed within seven days after verdict, or within such additional time allowed by the court during the seven day period.

(b) A motion for a new trial shall be in writing, and the grounds shall be specified. All allegations of fact not of record shall be supported by affidavit. Leave to state additional specific grounds after the transcript is lodged must be sought within the period allowed pursuant to section (a) of this Rule or within such further

### Rule 1123. Post-Verdict Motions

(a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pretrial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument, a hearing, or both shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions that are stated specifically and with particularity may be argued or heard. If the grounds asserted do not require a transcript, neither the filing, argument, nor hearing of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony.

While the earlier version of Rule 1123 permitted additional time to file motions, if allowed by the court within the initial seven-day period, only those motions filed during the seven-day period or within such further time as the Court permitted could be argued at post-trial motions or on appeal. The current Pennsylvania Rule of Criminal Procedure 1123(a) is a recodification of the original Rule 1123 and, in addition to increasing the time for filing motions to ten (10) days (to provide uniformity with the Rules of Civil Procedure), the rule added the provision: "If the grounds asserted do not require a transcript, neither the filing, argument, nor hearing of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony." While a custom appears to have developed whereby counsel, in filing original and timely post-trial motions, reserves the right to file additional motions, nothing in the rules permits unilateral extension of time, and in no event may supplemental motions be filed and heard *nunc pro tunc* unless filed in a reasonable time and with approval of the court. The Supreme Court found in *Talley, supra,* that neither of the

time as the court may allow. Only the grounds so raised may be argued before the court.

proposed supplemental motions were such as to require a transcript, one having been raised in the original motion, the other capable of being raised without the necessity of a transcript. Thus the lower court did not abuse its discretion in disallowing them. In this case, a review of the docketing statement and the motions themselves establishes clearly that they could have been raised with the initial motions. The supplemental motions were submitted on the day of argument, without review or approval of the court, five (5) weeks after the transcript was filed, when appellant's original post-verdict motions called for them to be filed ten (10) days after receipt of transcript. In addition, they were not clocked in by the Clerk's office and do not appear to be formally of record.

We hold that the supplemental post-verdict motions did not preserve the issues for review (whether filed or merely submitted) despite the fact that the court below addressed them on the merits. *Commonwealth v. Gregory*, 309 Pa. Super. 529, 455 A.2d 1210 (1983). Accordingly, the aforementioned issues have been waived.[6]

■ Appellant's next argument concerns the admission of the testimony of Dr. Charles Winek, Chief Toxicologist and Director of Laboratories for Allegheny County, who testified as an expert concerning appellant's blood alcohol content and its relation to appellant's ability to function. Appellant contends the Commonwealth was required, pursuant to Pa.R.Crim.P. § 305(B)(1)(e), to have Dr. Winek prepare a written report relating to his interpretations of appellant's blood alcohol content and deliver a copy of the report to defense counsel prior to trial. Appellant does not dispute the fact he was notified prior to trial that Dr. Winek would be called to testify as an expert, but rather, appellant complains he never received a written expert report pre-

6. We note that *Commonwealth v. Rosko*, 353 Pa.Super. 307, 509 A.2d 1289 (1986) is inapposite as there, a rule applicable to the Post Conviction Hearing Act (Pa.R.Crim.P. 1123(f)) was applied, whereas in an original case, the proper rule is Pa.R.Crim.P. 1123(a).

pared by Dr. Winek. Appellant does not claim the Commonwealth erred by not turning over a written report in its possession, but that the Commonwealth should have had Dr. Winek prepare a report the defense could look at. Pennsylvania Rule of Criminal Procedure § 305(B)(1) requires the Commonwealth to disclose to defense counsel, "results or reports of scientific tests, expert opinion, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant, which are within the possession or control of the attorney for the Commonwealth." This rule only requires the Commonwealth to disclose written reports "in their possession." In the instant action, the Commonwealth could not have acted in contravention of Rule 305 as it had nothing to turn over. It did however, quite properly, orally advise defense counsel pre-trial of Dr. Winek's anticipated trial testimony.

■ Appellant's last argument concerns alleged prosecutorial misconduct. Appellant claims the court erred in refusing to grant a mistrial after the prosecutor, in his closing remarks to the jury, commented on appellant's failure to testify. Defense counsel, in his opening remarks, stated:

> I'll tell you right now, another unfortunate circumstance is that Mr. Kelly cannot testify because he doesn't know what happened.... He, as the hospital records will show you, had amnesia to the incident, so although he is a witness, he is a witness who has no recollection, so he cannot testify.

(T.T., 3/19/85, p. 9).

During the Commonwealth's closing argument the prosecutor, referring to defense counsel's earlier remarks, stated:

> Defense counsel mentioned in his opening the defendant was suffering from amnesia. He mentioned that in his closing. Do the facts tell you that? Look at the facts about any questions you have. Don't assume anything.

Go to the facts. Go to the testimony. Go up on that stand. What testimony did you hear about amnesia?

You heard a Dr. McGuire, I believe, testify the night of the accident the way he was behaving, the strong odor of alcohol, his belligerent, combative behavior, the slurred speech, that he had amnesia as to what happened. You heard no testimony that he has amnesia today.

(T.T. 3/21/85, p. 51).

We do not find that the prosecutor's remarks violated appellant's constitutional right against self-incrimination. Rather, his remarks were proper comment in rebuttal to appellant's arguments. As we stated in *Commonwealth v. Fulton*, 318 Pa.Super. 470, 481–82, 465 A.2d 650, 657 (1983),

A prosecuting attorney may properly respond to opposing counsel's argument which questions the credibility of a witness. The Commonwealth may properly refer to the fact that the incriminating evidence was uncontradicted. Such will not necessarily be deemed to a reference to a defendant's failure to testify. *Commonwealth v. Kjersgaard*, 276 Pa.Superior Ct. 368, 375, 419 A.2d 502, 506 (1980). *Commonwealth v. Ashmore*, 266 Pa.Superior Ct. 181, 189, 403 A.2d 603, 606 (1979); and *Commonwealth v. Kloch*, 230 Pa.Superior Ct. 563, 589, 327 A.2d 375, 390 (1974).

Additionally, we note that the lower court, in its charge to the jury, addressed the appellant's right not to testify.

In this case the defendant exercised his constitutional right not to testify. It is entirely up to the defendant in any criminal trial whether or not to testify. He has an absolute right founded upon the constitution to remain silent. You must not draw any adverse inference or any inference of guilt from the fact that the defendant did not testify.

(T.T., 3/18/85, p. 490).

Accordingly, for the aforementioned reasons, judgment of sentence is affirmed.

Judgment of sentence affirmed.