584 A.2d 326

COMMONWEALTH of Pennsylvania

v.

**Larry SMALLS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 5, 1990.

Filed Dec. 27, 1990.

Lee Mandell, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before CIRILLO, President Judge, and TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

The within matter is before this Court on appellant's appeal from judgment of sentence entered April 17, 1990.

On February 8, 1989, a jury found the appellant guilty of kidnapping (18 Pa.C.S. § 2901(a), robbery (18 Pa.C.S. § 3701(a)), simple assault (18 Pa.C.S. § 2701(a)(3), possession of an instrument of crime (18 Pa.C.S. § 907) and conspiracy (18 Pa.C.S. § 903(a). The court denied the appellant's boilerplate-fashioned post-verdict motions which the appellant had attempted, unsuccessfully, to supplement with additional, unauthorized post-verdict motions. As such, the court found the issue of improper jury instructions, raised in appellant's unauthorized post-trial motions, had not been preserved for review. The appellant was sentenced to nine and one-half (9½) to twenty-four (24) years and his subsequent pro se petition for reconsideration was dismissed as untimely.

Appellant's sole claim on appeal is that the trial court erred in not charging the jury that the burden of proof is always on the Commonwealth and does not shift when the defense offers evidence.

We agree with the trial court the issue is waived as we find the court properly exercised its discretion in refusing to consider supplemental post-trial motions which were filed without the permission of the court. Pa.R.Crim.P. 1123(a). "As for his allegation that the court erred in its instruction to the jury, as the record bears no indication that he requested permission to file supplemental post-verdict motions, he has failed to preserve this issue as well." (Slip Op., Guarino, J., 6/21/90, p. 2.) *See Commonwealth v. Talley*, 456 Pa. 574, 318 A.2d 922 (1974); (Although rules provide a defendant may request leave to file additional reasons for a new trial, this is not a matter of right but

rather a matter of discretion with the trial court.) *See also Commonwealth v. Smith*, 380 Pa.Super. 619, 552 A.2d 1053 (1988); *Commonwealth v. Kelly*, 365 Pa.Super. 28, 528 A.2d 1346 (1987). *Also see* Pa.R.C.P. 227.1.

The trial court's treatment of the matter *sub judice* can be distinguished from that in *Kurtas v. Kurtas*, 521 Pa. 105, 555 A.2d 804 (1989), wherein our Supreme Court held, in a plurality decision, that where a trial court *ignores* the untimely filing of post-trial motions and lack of compliance with Pa.R.C.P. 227.1 and considers supplemental post-trial motions filed without permission, the issues considered by the trial court are not waived and must be considered by the appellate courts on appeal. *Also see Commonwealth v. Hewett*, 380 Pa.Super. 334, 551 A.2d 1080 (1988), allocatur denied, 522 Pa. 583, 559 A.2d 526 (1989).

Accordingly, we hold the trial judge, in addition to finding the boilerplate post-trial motions waived for purposes of appeal, correctly found the appellant had waived any more specific issue raised in supplemental post-trial motions, as a request for permission to file such motions was not made and accordingly not granted. Neither this Court nor our Supreme Court has ever taken from the trial judges the discretion to grant or deny permission to file supplemental motions as he or she feels is proper under the individual circumstances of a case.

Judgment of sentence affirmed.