J-A24019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. MIKLOSKO, JR. | : | |
| | : | |
| Appellant | : | No. 1816 WDA 2016 |

Appeal from the Judgment of Sentence October 27, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015671-2015

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

DISSENTING STATEMENT BY MUSMANNO, J.: FILED NOVEMBER 17, 2017

I respectfully disagree with the Majority's conclusion that the Commonwealth presented sufficient evidence to sustain Appellant's conviction of driving under the influence of alcohol ("DUI")—general impairment, 75 Pa.C.S.A. § 3802(a)(1). Specifically, I do not believe that the evidence was sufficient to establish that Appellant was impaired by alcohol to a degree that rendered him incapable of safe driving.

Section 3802 provides, in relevant part, that a person "may not drive ... a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving ...." 75 Pa.C.S.A. § 3802. A person is incapable of safe driving when "alcohol has substantially impaired the normal mental and physical faculties required to safely operate the vehicle." Commonwealth v. Palmer, 751 A.2d 223, 228 (Pa. Super.

2000). "Substantial impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions." Commonwealth v. Montini, 712 A.2d 761, 768 (Pa. Super. 1998).

To convict a defendant of driving under the influence of alcohol, to a degree that the individual is incapable of safely driving, there must be proof that the alcohol has substantially impaired the normal mental and physical faculties required to safely operate the vehicle. Commonwealth v. Smith, 831 A.2d 636, 638 (Pa. Super.2003). Mere consumption of alcohol, without more, is insufficient to establish that a defendant is incapable of safely driving. See Commonwealth v. Rosko, 509 A.2d 1289, 1291 (Pa. Super. 1986) (stating that the consumption of three scotch and sodas without more is insufficient to support a conviction for drunk driving). The odor of alcohol on one's breath is not, in and of itself, evidence of intoxication. See id.

Ross Township Police Officer Balazs Devenyi ("Officer Devenyi") testified that he had observed Appellant make an illegal U-turn to travel southbound on McKnight Road. N.T., 9/29/16, at 10. According to Officer Devenyi,

> I exited the parking lot, and I closed the distance to the vehicle so I was able to run the registration, and while I was doing that[,] the vehicle was continuing south on McKnight Road, and at the intersection of the on ramp on [Internet] 279 south, which is to the right-hand side, there is a solid white line to prevent cars from cutting over from that on ramp back on to McKnight Road to travel to Evergreen Road. I observed the vehicle swerve

- 2 -

over that line for a second, apply its brakes, and then it swerved back over that line to take the on ramp on to 279 south.

Id. Officer Devenyi activated his siren and stopped Appellant's vehicle on the ramp to the Interstate. Id. at 10-11.

Officer Devenyi testified he smelled a moderate odor of alcohol on Appellant's breath, and that Appellant's eyes were glassy, watery and bloodshot. Id. at 11. There is no evidence that Appellant's speech was slurred. Appellant passed one field sobriety test, but failed two others. Id. at 13-15. However, Appellant had informed Officer Devenyi that he had diabetic neuropathy, which might impact one of the tests. Id. at 40. At the hospital, Officer Devenyi testified, Appellant's blood sugar was tested to be 349. Id. at 42. A breathalyzer test showed Appellant to have 0.0 percent of alcohol in his breath.[1] Id. at 35.

Our review discloses no evidence that Appellant had slurred speech, or difficulty producing his vehicle's registration. There is no evidence that Appellant endangered himself or any vehicle when he made the U-turn or crossed the white line. There is no testimony that Officer Devenyi believed Appellant to be impaired by alcohol to such a degree as to be incapable of

_____

[1] Officer Devenyi testified that he believed that the breathalyzer equipment was defective, and that it was later found to be "incorrect" and taken out of service. Id. at 35, 36. There is no evidence that the "incorrect" condition of the breathalyzer affected the test results as to Appellant. Although stricken from the record, at the hospital, Appellant's blood alcohol content was tested to be 0.019 percent.

safely driving.    Rather, Officer Devenyi testified as to his belief that Appellant was impaired "as a result of the field sobriety tests, [Appellant's] admissions and [Officer Devenyi's] suspicion that [Appellant] had drugs in [his] system." Id. at 37.

This evidence falls short of that which is required to establish DUI-general impairment beyond a reasonable doubt.  Under these circumstances, I would vacate the judgment of sentence.