J-S12010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :           PENNSYLVANIA
      :
     v.      :
      :
      :
MICHAEL JAY SPEAKMAN      :
      :
    Appellant     :   No. 1110 EDA 2024

Appeal from the Judgment of Sentence Entered September 21, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000170-2022

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:            **FILED JULY 18, 2025**

Appellant, Michael Jay Speakman, seeks review of the judgment of sentence entered by the Court of Common Pleas of Chester County (trial court). In 2022, following a non-jury trial, Appellant was found guilty of driving under the influence of a controlled substance (75 Pa.C.S.A. § 3802(d)(2)); driving under the influence of alcohol, general impairment (75 Pa.C.S.A. § 3802(a)(1)); and parking in a prohibited place (75 Pa.C.S.A. § 3353(a)(1)(iv)).[1] The trial court sentenced him to an aggregate prison term of 24 hours, with the two DUI counts being merged for sentencing purposes. Appellant now argues that the evidence was legally insufficient to sustain his two DUI convictions; he contends further that the trial court erred in allowing the Commonwealth to amend the charges just prior to trial, adding the general

_____

[1] Appellant was acquitted of one count of careless driving (75 Pa.C.S.A. § 3714(a)).

impairment DUI count under subsection 3802(a)(1). Finding no merit in Appellant's claims, we affirm.

The relevant case facts are as follows. On September 22, 2021, at about 2:45 p.m., Appellant arrived at an elementary school to pick up his daughter, H.S. He parked his truck directly in front of the school's entrance, with the front tires resting over a marked crosswalk.

Appellant left his truck's engine running, entering the school on foot without a face mask. The school's principal, Sharon Ray, quickly encountered Appellant in the main hallway to notify him that face masks were required in the building. Principal Ray thought that Appellant was behaving erratically, and that he smelled of alcohol. Appellant went back to his truck to retrieve a mask, and when he returned, Principal Ray continued speaking with him to help her determine if he was indeed intoxicated.

After further contact with Appellant, Principal Ray became convinced from his behavior, and the persistent odor of alcohol, that he was impaired. She then informed Appellant that she would be contacting the Pennsylvania State Troopers to relay those suspicions. Officers quickly responded, as their barracks were located a few blocks away from the school.

The officers first made contact with Appellant, Principal Ray, and other school administrators in the lobby of the school's front entrance. They immediately noticed that Appellant was exhibiting bloodshot, dilated, and glassy eyes; slurred speech; and signs of nervousness and paranoia, such as profuse sweating despite it being a cool day in mid-September. It was difficult

for them to communicate with Appellant, finding much of what he said to be incoherent and hard to follow.

The officers were concerned that Appellant, who had driven to the school to pick up his daughter, was under the influence of drugs or alcohol. Appellant was then made to perform a series of field sobriety tests which were intended to detect both drug and alcohol-related impairment. One of the officers who administered the tests, Trooper Kyle G. Schiltz, had received Advanced Roadside Impaired Driving Enforcement (ARIDE) training, though at the time of his encounter with Appellant, he was not qualified as an expert in this area.

Based on Appellant's performance on the tests, the officers believed that he was impaired to the point that he could not safely operate his vehicle. The officers did not smell the odor of alcohol on Appellant as Principal Ray did, but they had him blow into a portable breathalyzer, which detected no alcohol in his system.[2] The officers then transported him to a nearby hospital, where he refused to submit to blood testing.

The Commonwealth initially charged Appellant on September 9, 2021, with driving under the influence of a controlled substance while in actual or physical control of a vehicle, under 75 Pa.C.S.A. § 3802(d)(2). He was also charged with the summary offenses of careless driving and parking his vehicle in a prohibited place.

_____

[2] The breathalyzer test result was admitted into evidence at the suppression hearing, but not at the trial. *See* N.T. Suppression Hearing, 11/28/2022, at 8.

On September 27, 2022, Appellant filed a pretrial motion to suppress the evidence obtained by police between the time in which they encountered him at his daughter's school and when they arrested him on suspicion of DUI. The motion was denied after a hearing, and the Commonwealth indicated that it would not be charging Appellant with any alcohol-related DUI offenses at that point.

However, just prior to the subsequent non-jury trial, the Commonwealth sought to amend the charges to add one count of DUI-general impairment due to alcohol, under 75 Pa.C.S.A. § 3802(a)(1).  *See* N.T. Trial, 1/27/2023, at 4. Appellant objected to the amendment, but the trial court overruled the objection, finding that he had been on notice as to the factual basis for that charge.  *See id*.  Specifically, Appellant knew that Principal Ray had contacted the police to report that he smelled of alcohol and appeared to be drunk. *See id*.  After the Commonwealth amended the charges to include the additional offense, Appellant did not seek a continuance, and the non-jury trial commenced.

Principal Ray and Officer Schiltz then testified to the above facts.  A recording of the entire incident taken from the officer's patrol vehicle was played in court to corroborate their accounts.  Appellant also took the stand on his own behalf, attributing his behavior on the day of the incident to the effects of a COVID-19 infection, as well as a recent shoulder injury he had sustained at work.  He admitted to being nervous when speaking with the

officers at his daughter's school, but he insisted that he was not impaired from consuming alcohol or drugs.

On January 27, 2023, the trial court found Appellant guilty of the above-enumerated offenses and sentenced him on September 21, 2023, to an aggregate term of three days to six months. After he was sentenced, on September 27, 2023, Appellant filed a "Motion for Reconsideration" in which he sought to have his sentence reduced to a term of restrictive punishment. The trial court granted reconsideration on September 27, 2023, and scheduled a hearing for October 31, 2023, stating in the order that the effective date of the sentence would be deferred until the hearing. The hearing was continued and took place on February 29, 2024. At the hearing, Appellant was resentenced pursuant to the restrictive punishment program, with a prison term of one day.

Appellant filed a notice of appeal on March 29, 2024. In his brief, he now raises the following three issues for our consideration:

> 1. Was the evidence insufficient to support Appellant's conviction for driving under the influence — general impairment, 75 Pa.C.S.A. § 3802(a)(1), where the Commonwealth failed to prove that he imbibed a sufficient amount of alcohol that rendered him incapable of safely driving?
>
> II. Was the evidence insufficient to support Appellant's conviction for driving under the influence, 75 Pa.C.S.A. § 3802(d)(2), where the Commonwealth failed to prove that he was under the influence of a drug or combination of drugs to a degree that impaired his ability to safely drive a vehicle?
>
> III. Did the trial court err by allowing the Commonwealth to amend the criminal information immediately prior to trial by adding the

- 5 -

charge of driving under the influence — general impairment, 75 Pa.C.S.A. § 3802(a)(1), since section 3802(a)(1), which relates to alcohol impairment, is materially different from the original charge of section 3802(d), which relates to drug impairment?

Appellant's Brief, at 5 (suggested answers omitted).

Before addressing Appellant's claims, we must consider the Commonwealth's argument that this appeal should be quashed as untimely because Appellant did not file it within 30 days from the date on which the trial court entered its initial sentencing order on September 21, 2023. *See* Appellee's Brief, at 10-13.

The timeliness of an appeal implicates the jurisdiction of this Court to entertain the merits of appellate claims. *See Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999). The timely filing of a notice of appeal will vest jurisdiction with the Superior Court. *See Commonwealth v. Miller*, 715 A.2d 1203, 1205 (Pa. Super. 1998). A defendant has 30 days to file a notice of appeal following the imposition of the sentence if no post-sentence motion is timely filed. *See* Pa.R.Crim.P. 720(A)(3).

But where a post-sentence motion is timely filed within 10 days after the imposition of sentence, the appellate filing periods are different. *See* Pa.R.Crim.P. 720(A)(2). A defendant may file a notice of appeal within 30 days of the date on which an order is entered either deciding the motion or denying the motion by operation of law. *See id*.

A post-sentence motion is deemed denied by operation of law if the trial judge does not decide it within 120 days, or within 150 days if an extension

is granted. *See* Pa.R.Crim.P. 720(B)(3)(a).[3] At that point, the clerk of courts "shall forthwith enter an order on behalf of the court" and then serve notice of it to the parties, giving the defendant in a criminal case 30 days from the date of the order's entry to file an appeal. *See* Pa.R.Crim.P. 720(B)(3)(c). There is no final, appealable order until the clerk of courts has performed these functions. *See generally Commonwealth v. Lamont*, 308 A.3d 304, 308 n.3 (Pa. Super. 2024).

Under subsection 720(B)(1)(v), a motion requesting a modification of a sentence is a post-sentence motion that must be filed no later than 10 days after the imposition of sentence. *See* Pa.R.Crim.P. 720(A)(1); Pa.R.Crim.P. 720(B)(1)(a)(v). Appellant filed a post-sentence motion requesting modification of his sentence within 10 days of the date on which the initial judgment of sentence was entered. Although the trial court did not rule on the merits of Appellant's post-sentence motion within 120 days of its filing, and did not grant an extension, the clerk of courts never entered or served an order indicating that the motion was denied by operation of law.

In cases where the trial court has denied a post-sentence motion beyond the 120-day period; the clerk of courts has not entered or served the order of denial by operation of law; and the notice of appeal is filed within 30 days of

---

[3] The rule allows for a one-time extension of 30 days, at the discretion of the trial court upon a showing of good cause. *See* Pa.R.Crim.P. 720(B)(3)(b). A motion is deemed denied by operation of law at the end of the 120-day period if no decision is made, and no extension has been granted. *See id*.

the trial court's belated decision on the motion, the appeal is deemed to be timely. *See generally id*. This Court has explained that the clerk of courts' failure to enter such an order amounts to a breakdown in court operations which extends the filing period for an appeal. *See id*.; *see also Commonwealth v. Perry*, 820 A.2d 732, 735 (Pa. Super. 2003) (same). Accordingly, Appellant's appeal must be deemed timely filed.[4]

Turning now to the merits, we consider Appellant's first claim – that the evidence was legally insufficient to sustain his conviction for driving under the influence of alcohol, general impairment (75 Pa.C.S.A. § 3802(a)(1)). He argues that the Commonwealth failed to present any evidence that he consumed any alcohol, much less an amount of alcohol that could impair his ability to drive.

On review of a claim that the evidence supporting a conviction is legally insufficient, the following standard applies:

> [W]hether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence

---

[4] In response to this Court's order to show cause why the appeal should not be quashed, the trial court entered a supplemental 1925(a) opinion, stating that its order resentencing Appellant was a nullity, requiring this appeal to be quashed as untimely. *See* Supplemental 1925(a) Opinion, 1/14/2025, at 2-3. The trial court reasoned that since over 120 days had elapsed after the filing of Appellant's post-sentence motion, on January 25, 2024, and Appellant did not file a motion for an extension, or a *praecipe* requesting the entry of an order denying his motion, the notice of appeal was untimely filed over 30 days after that latter date. We reject this reasoning because it conflicts with the controlling authorities discussed above, and neither the procedural rules, nor our decisional law, impose such a requirement in order to preserve appellate rights under these circumstances.

to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

Moreover, although the fact finder may make reasonable inferences from the evidence, the "inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott*, 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.* "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

Subsection 3802(a)(1), the general impairment statute, provides in relevant part that a person "may not drive . . . a vehicle after imbibing a

- 9 -

sufficient amount of alcohol such that the individual is rendered incapable of safely driving[.]" 75 Pa.C.S.A. § 3802(a)(1). A person is incapable of safe driving when "alcohol has substantially impaired the normal mental and physical faculties required to safely operate the vehicle." ***Commonwealth v. Palmer***, 751 A.2d 223, 228 (Pa. Super. 2000); ***see also Commonwealth v. Segida***, 985 A.2d 871, 876 (Pa. 2009).

"Substantial impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions." ***Commonwealth v. Montini***, 712 A.2d 761, 768 (Pa. Super. 1998); ***see also Palmer***, 751 A.2d at 228 (same). Mere consumption of alcohol, without more, is insufficient to establish that a defendant is incapable of safely driving. ***See Commonwealth v. Rosko***, 509 A.2d 1289, 1291 (Pa. Super. 1986).

Subsection 3802(a)(1) imposes "no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving." ***Segida***, 985 A.2d at 879 (quoting ***Commonwealth v. Kerry***, 906 A.2d 1237, 1241 (Pa. Super. 2006)). A defendant's impairment may therefore be proven in several ways:

> The types of evidence that the Commonwealth may proffer in [such cases] include[,] but are not limited to . . . the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot

eyes and other physical signs of intoxication; odor of alcohol, and slurred speech.

***Segida***, 985 A.2d at 879.

"Evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving." ***Palmer***, 751 A.2d at 228*.*

In the present case, there was sufficient evidence from which the trier-of-fact could conclude that Appellant was impaired from consuming alcohol on the day in question. He was first seen parking his truck on the crosswalk directly in front of his daughter's elementary school, leaving the engine running as he entered the building. When he went inside the school, the principal smelled alcohol on his person, and responding officers noticed that he had bloodshot, glassy eyes, and slurred speech. Both the principal and the arresting officers described Appellant's behavior as erratic and consistent with intoxication. Appellant also performed poorly on a number of field sobriety tests, further evidencing his impairment.

All of these circumstances, if accepted by the finder of fact, were sufficient to establish the elements of the general alcohol impairment statute, subsection 3802(a)(1).[5] Accordingly, viewed in the light most favorable to

---

[5] The conflicting evidence, which tended to show that Appellant had not consumed alcohol, was not dispositive. The arresting officers did not detect
*(Footnote Continued Next Page)*

the Commonwealth, there was sufficient proof beyond reasonable doubt that Appellant could not safely driving his vehicle due to alcohol-related impairment. Thus, Appellant's first claim has no merit.

Appellant's second claim is that the evidence was legally insufficient to sustain his conviction for driving under the influence of drugs (75 Pa.C.S.A. § 3802(d)(2)). In his brief, Appellant stresses that no such substances were found on his person or in his truck; the Commonwealth did not identify any particular drug as the cause for impairment; and the Commonwealth introduced no expert opinion that his behavior was indicative of drug use.

"Section 3802(d)(2) does not require that any amount or specific quantity of the drug be proven in order to successfully prosecute under that section." ***Commonwealth v. Williamson***, 962 A.2d 1200, 1204 (Pa. Super. 2008). The Commonwealth only must prove that the defendant operated a vehicle while under the influence of a drug or combination of drugs to a degree that his or her ability to operate the vehicle was impaired. ***See id***.

"[E]xpert testimony is not necessary to establish impairment under subsection 3802(d)(2) where there exists other independent evidence of

---

the smell of alcohol on Appellant's person, and the breathalyzer test he took yielded a result of .000 blood-alcohol concentration. But this inconsistent evidence did not refute the evidence of guilt or render it legally insufficient, as it, at most, raised a question for the fact-finder to resolve. Further, due to their unreliability, breathalyzer tests are only admissible at trial to establish whether an officer had probable cause to arrest a motorist for a DUI offense; such results, even where exculpatory, may not be admitted for the purpose of proving a defendant's innocence. ***See generally Commonwealth v. Myrtetus***, 580 A.2d 42, 47 (Pa. Super. 1990).

impairment." ***Commonwealth v. Gause***, 164 A.3d 532, 538 (Pa. Super. 2017) (*en banc*) (citing ***Commonwealth v. Griffith***, 32 A.3d 1231, 1238 (Pa. 2011)). "Instead, impairment evidence should be drawn from the totality of the factual circumstances." ***Commonwealth v. Spence***, 290 A.3d 301, 309 (Pa. Super. 2023). A witness "with the requisite observations and experience may offer lay opinion to establish DUI – controlled substance impairment under section 3802(d)(2)." ***Commonwealth v. Nestor***, 314 A.3d 863, 870 (Pa. Super. 2024).

"In any . . . criminal proceeding in which the defendant is charged with a [DUI] . . ., the fact that the defendant refused to submit to chemical testing . . . may be introduced in evidence along with other testimony concerning the circumstances of the refusal." 75 Pa.C.S.A. § 1547(e). No presumption of guilt automatically arises from the refusal, but the finder of fact may consider the refusal "along with other factors concerning the charge." ***Id***.

Here, as discussed above, the evidence established that Appellant was in control of a vehicle while exhibiting physical signs of impairment. To link that impairment with Appellant's use of a drug or combination of drugs, the trial court detailed the following evidence:

> [The arresting officer] described [Appellant's] mannerisms as "excited" and stated that he "appeared very nervous." He also described [Appellant] as " paranoid" and emotionally labile. [Appellant] failed the walk-and-turn test, displaying seven (7) of the eight (8) clues that test offers on the issue of impairment.
>
> [Appellant] failed the one-leg stand test, displaying two (2) of the four (4) indicators of impairment explored by that test. In addition

to failing these field sobriety tests, [Appellant] failed both of the ARIDE tests . . . , which are designed to test for impairment due to controlled substances. In addition to his physical and emotional demeanor, his inability to perform the field sobriety tests and the indicia of drug impairment revealed by the ARIDE tests, including his eyelid tremors, lack of convergence, and truncated estimation of the passage of thirty (30) seconds on the modified Romberg balance test, [Appellant] refused to submit to chemical testing of his blood.

[Appellant's] refusal of chemical testing, as we discussed in connection with his claim against his Driving Under the Influence of Alcohol--General Impairment conviction, is evidence of his consciousness of guilt of the offense of Driving Under the Influence of Controlled Substance under 75 Pa. C.S.A. § 3802(d)(2). His refusal, together with the other evidence of record demonstrating impaired mental and physical faculties described above, led the undersigned to conclude that [Appellant's] ability to safely operate a motor vehicle was substantially impaired by his ingestion of a controlled substance or substances that day.

Trial Court 1925(a) Opinion, at 36-37.

Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, the record supports the trial court's determination that Appellant was impaired by drugs. The officers observed several signs of Appellant's impairment, including his general demeanor and performance on field sobriety tests designed to detect drug-related impairment. Officer Schiltz opined, based on his training and observations, that Appellant's use of drugs had impaired his driving ability.[6] Moreover, the finder of fact could infer from

_____

[6] In **Commonwealth v. Caraballo**, 325 A.3d 1025, 1030 (Pa. Super. 2024), this Court held that an officer's lay opinion linking the defendant's conduct with drug use could be used to establish the defendant's guilt, even if the officer was not qualified as an expert in drug impairment identification. We reasoned that the officer's qualifications as an expert on that topic "goes to
*(Footnote Continued Next Page)*

Appellant's refusal to take a drug test that he knew he had taken a drug or drugs, and he sought to conceal that fact. *See Commonwealth v. Caraballo*, 325 A.3d 1025, 1030 (Pa. Super. 2024) ("Where, as here, the finder of fact draws the reasonable inference that a defendant was conscious of his own guilt and hoped to escape culpability by refusing chemical testing, that refusal is legally sufficient evidence that the defendant was DUI."). Thus, the evidence was sufficient to sustain Appellant's conviction under subsection 3802(d)(2).

Appellant's third and final claim is that the trial court erred in permitting the Commonwealth to amend its complaint just prior to trial by adding the above-discussed count of DUI – general impairment from alcohol (75 Pa.C.S.A. § 3802(a)(1)), because that offense is materially different from the original charge under subsection 3802(d).

A trial court's decision to grant or deny a motion to amend an information is subject to an abuse of discretion standard of review. *See Commonwealth v. Small*, 741 A.2d 666, 681 (Pa. 1999). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by

_____

the admissibility of his opinion, not its legal sufficiency to prove causation under Section 3802(d)(2)." 325 A.3d at 1030. Since the defendant in that case had not objected to the officer's opinion on admissibility grounds, the opinion could be considered by the trier of fact and relied upon to establish that the evidence of the defendant's guilt was legally sufficient. *See id*.

- 15 -

the evidence of record." ***Commonwealth v. Belknap***, 105 A.3d 7, 10 (Pa. Super. 2014) (quoting ***Commonwealth v. Mendez***, 74 A.3d 256, 260 (Pa. Super. 2013)).

Pennsylvania Rule of Criminal Procedure 564 governs when the Commonwealth may amend the charges against a defendant. ***See*** Pa.R.Crim.P. 564. The rule provides that "an information may be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced." ***Id***. Where an amendment is permitted, "the court may grant such postponement of trial or other relief as necessary in the interests of justice." ***Id***.

The purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last-minute addition of alleged criminal acts of which the defendant is uninformed. ***See Commonwealth v. Duda***, 831 A.2d 728, 732 (Pa. Super. 2003). But even where the amendment is deemed improper, relief is only merited to remedy the resulting prejudice, if any. ***See e.g., Commonwealth v. Brown***, 727 A.2d 541 (Pa. 1999). In evaluating prejudice, we consider:

> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was

necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Commonwealth v. Sinclair*, 897 A.2d 1218, 1223 (Pa. Super. 2006). The test is "whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information." *Id*. at 1221.

This Court has routinely affirmed the amendment of an information at various stages of a trial when prejudice cannot be shown. *See e.g., Commonwealth v. Beck*, 78 A.3d 656 (Pa. Super. 2013) (upholding amendment after Commonwealth's case-in-chief); *Commonwealth v. Mentzer*, 18 A.3d 1200 (Pa. Super. 2011) (upholding amendment at sentencing); *Commonwealth v. Page*, 965 A.2d 1212 (Pa. Super. 2009) (upholding amendment at close of evidence); *Commonwealth v. Roser*, 914 A.2d 447 (Pa. Super. 2006) (upholding amendment of information after appellant testified in his own defense).

Moreover, this Court has held that the defendant's failure to request a continuance after an information is amended may establish that the amendment caused the defendant no prejudice. *See Commonwealth v. Tyler*, No. 1681 MDA 2023, at *9 (Pa. Super. filed July 2, 2024) (unpublished memorandum) (citing *Commonwealth v. Fowler*, 393 A.2d 844, 847 (Pa. Super. 1978)).

In the present case, the amendment of the information comported with Rule 564. The new charge of DUI, general impairment from alcohol, under 75 Pa.C.S.A. § 3802(a)(1), arose from the same events as the original charges, and the amended charge is not so materially different from the original charges that Appellant was unfairly prejudiced. Appellant knew long before the date of the trial that Principal Ray had allegedly smelled the odor of alcohol on his person and relayed to the police her suspicion of his intoxication. Further, Appellant did not request a continuance of the trial after the amendment was permitted. Thus, the trial court did not abuse its discretion in permitting the Commonwealth to amend, no relief is due on this claim, and the judgment of sentence must stand.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/18/2025